THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARILYN FEIT, Relator, v. ARTHUR FEIT et al., Respondents.

Supreme Court, Special Term, Bronx County, January 13, 1967.

*Charles Spar* for relator. *Martin Gallin* for respondents.

ARTHUR MARKEWICH, J. Petitioner moves to punish the respondent for contempt for violation of a writ of habeas corpus with respect to payments for the support of an infant and for counsel fee on this determination. Respondent cross-moves to vacate the arrears and to reduce the payments.

Section 240 of the Domestic Relations Law empowers the court to make an allowance for the care of a child in a habeas corpus proceeding. Such was done in this case. However, the only orders which may be enforced by contempt pursuant to section 245 of the Domestic Relations Law are those issued as an adjunct to a matrimonial action; an order issued in a habeas corpus proceeding is not included therein. In this connection it is noted that no support of a child or counsel fee was allowed in a habeas corpus proceeding prior to the enactment of sections 237 (subd. [b]) and 240 of the Domestic Relations Law. However the enforcement of an order in habeas corpus was not included in section 245. In the absence of such statutory authority, this court may not punish for contempt. It appears to the court that

the failure to include such was an oversight by the Legislature. However, as an order such as that requested here may result in the respondent being deprived of his liberty, until there has been action by the Legislature amending section 245 the court is without power to grant the relief requested. While the court has the power under section 240 to modify the award, the cross movant has shown no sufficient reason to invoke the court's jurisdiction to reduce the award. CPLR 7006 (subd. [b]) provides the manner in which obedience to a writ may be compelled when the respondent '' refuses or neglects fully to obey it ''. It would appear that such is the exclusive remedy to enforce this proceeding in the absence of other statutory authority.

Accordingly, the motion and cross motion are denied without prejudice to such application as petitioner is advised to make.